**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 06-1766

ZELI NDOUM YAFOU,

Petitioner,

versus

ALBERTO GONZALES, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals. (A98-702-093)

Submitted: January 10, 2007        Decided: February 6, 2007

Before WILKINSON, MOTZ, and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

Sopo Ngwa, Silver Spring, Maryland, for Petitioner.  Rod J. Rosenstein, United States Attorney, Larry D. Adams, Assistant United States Attorney, Baltimore, Maryland, for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Zeli Ndoum Yafou, a native and citizen of Cameroon, petitions for review of the Board of Immigration Appeals' ("Board") order affirming without opinion the immigration judge's order denying her applications for asylum, withholding of removal and withholding under the Convention Against Torture ("CAT"). Yafou claims the evidence supports her application for asylum and the immigration judge imposed upon her a higher burden of proof.[*] We deny the petition for review.

The Immigration and Naturalization Act (INA) authorizes the Attorney General to confer asylum on any refugee. 8 U.S.C. § 1158(a) (2000). The INA defines a refugee as a person unwilling or unable to return to her native country "because of persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. § 1101(a)(42)(A) (2000). An applicant can establish refugee status based on past persecution in her native country on account of a protected ground. 8 C.F.R. § 1208.13(b)(1) (2006). Without regard to past persecution, an alien can establish a well-founded fear of persecution on a protected ground. Ngarurih v. Ashcroft, 371 F.3d 182, 187 (4th Cir. 2004).

---

[*]Yafou does not challenge the denial of withholding under the CAT.

An applicant has the burden of demonstrating her eligibility for asylum. 8 C.F.R. § 1208.13(a) (2006); <u>Gandziami-Mickhou v. Gonzales</u>, 445 F.3d 351, 353 (4th Cir. 2006). A determination regarding eligibility for asylum is affirmed if supported by substantial evidence on the record considered as a whole. <u>INS v. Elias-Zacarias</u>, 502 U.S. 478, 481 (1992). This court will reverse the Board "only if the evidence presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." <u>Rusu v. INS</u>, 296 F.3d 316, 325 n.14 (4th Cir. 2002) (internal quotation marks and citations omitted).

We find the immigration judge's adverse credibility finding to be supported by the record. Therefore, the evidence does not compel a different result. Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>PETITION DENIED</u>